RYAL'S, INCORPORATED, *v.* STAVROPOULOS.

1. LANDLORD AND TENANT—TENANCY BY SUFFERANCE.
   Tenant who holds over after expiration of his lease becomes a tenant by sufferance (3 Comp. Laws 1929, § 13492).

2. SAME—TENANCY BY SUFFERANCE—NOTICE TO QUIT.
   While all estates by sufferance may be terminated by a three months' notice to quit, where rent has been payable monthly in advance under former lease the time of such notice is sufficient if equal to interval between times of payment (3 Comp. Laws 1929, § 13492).

3. SAME—SUMMARY PROCEEDINGS—NOTICE TO QUIT OR PAY RENT—ELECTION OF REMEDIES.
   There was no election of remedies, waiver or estoppel by plaintiff in summary proceedings to recover possession from tenant holding over, where notice to quit had been given over a month before summary proceedings were started, because after such commencement it served second notice to quit or pay rent due but brought no action to recover rent after second notice (3 Comp. Laws 1929, § 13492).

Appeal from Wayne; Campbell (Allan), J. Submitted October 8, 1935. (Docket No. 19, Calendar No. 38,517.) Decided December 10, 1935.

Summary proceedings by Ryal's, Incorporated, a Michigan corporation, against Stephen Stavropoulos to recover possession of property. Judgment for plaintiff. Defendant appeals. Affirmed.

*Bert R. Sogge (Henry A. Montgomery,* of counsel), for plaintiff.

*Max Braun,* for defendant.

POTTER, C. J.  September 29, 1927, defendant leased the premises in dispute from Frank H. Miller for the term of five years from and after August 1, 1927, at a rental of $300 a month, payable in advance. This lease expired August 1, 1932.

After the expiration of this lease, defendant continued to hold, use and occupy the premises, but paid a reduced rental therefor which was received and accepted by the landlord. Miller subsequently leased the premises to plaintiff.

Defendant, holding over after the expiration of his lease, became a tenant by sufferance, that is, a tenant who came into possession rightfully, by permission of the owner, and continued to occupy the premises after the expiration of his lease.  1 Coke on Littleton, p. 57b; 2 Blackstone Commentaries, p. 150.

Under the lease, the rental was payable by defendant monthly in advance, and, under 3 Comp. Laws 1929, § 13492, all estates by sufferance may be terminated by a three months' notice to quit; and "when the rent reserved in a lease is payable at periods of less than three months, the time of such notice shall be sufficient if it be equal to the interval between the times of payment."

The notice of January 30, 1935, to defendant to quit and surrender the premises on or before March 1, 1935, was sufficient. The notice of March 15, 1935, to quit or pay the rent due was served after this suit was brought. Defendant paid no rent thereafter. No suit was brought to recover rent after this second notice. There was no election of remedies, waiver or estoppel.

We find no error in the judgment of the trial court which is affirmed, with costs.

TOY, NORTH, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.